Case 2:21-cv-00015   Document 83   Filed on 12/27/23 in TXSD   Page 1 of 11

United States District Court
Southern District of Texas
**ENTERED**
December 27, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALANA SOUZA, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00015 |
| MIRAGE ENTERTAINMENT, INC, | § § § | |
| Defendant. | § | |

### ORDER ON MEMORANDUM AND RECOMMENDATION

Plaintiffs are professional models, spokesmodels, actresses, and social media influencers who have sued Defendant for using their likenesses in advertisements for Defendant's strip club without authorization or compensation. Pending before the Court is "All Plaintiffs' Motion for Summary Judgment on All Causes of Action" (D.E. 35), by which Plaintiffs seek judgment as a matter of law on each of their claims. On July 28, 2023, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 73), recommending that Plaintiffs' motion be denied in its entirety because there are disputed issues of material fact precluding judgment as a matter of law on each of the asserted claims. Plaintiffs timely filed their objections (D.E. 74) on August 11, 2023. Defendant replied on October 2, 2023. D.E. 75.

### STANDARD OF REVIEW

The district court conducts a de novo review of any part of a magistrate judge's memorandum and recommendation that has been properly objected to. 28 U.S.C.

§ 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

## DISCUSSION

### A. Undisputed Matters

**Lanham Act**. Plaintiffs allege two claims under § 43 of the Lanham Act, 15 U.S.C. § 1125 *et seq.*: false endorsement and false advertising. D.E. 1. Plaintiffs have not objected to any part of the M&R that recommends denying the motion on these claims. As set out below, the Court will adopt that recommendation with respect to both Lanham Act claims and they are retained for trial.

**Defamation**. Plaintiffs allege claims for defamation under Texas common law. D.E. 1. The M&R observed that, while they purport to seek summary judgment on all of their claims, Plaintiffs did not address their defamation claim in their motion. D.E. 73, p. 16 n.6. The M&R does not recommend any specific disposition of this claim, although it logically survives a recommended denial of the motion. Neither party has addressed this issue in their objections or response. Thus, the defamation claim is retained for trial as unaffected by the motion.

### B. Right to Privacy-Misappropriation.

The M&R properly recites the elements for a claim for the violation of Plaintiffs' right to privacy as it relates to misappropriation:

> (1) that the defendant appropriated plaintiff's name or likeness for value associated with it, and not in an incidental manner or for a newsworthy purpose;
>
> (2) that the plaintiff can be identified from the publication; and
>
> (3) that there was some advantage or benefit to the defendant.

D.E. 73, p. 17 (citing *Henley v. Dillard Dept. Stores*, 46 F. Supp. 2d 587, 590 (N.D. Tex. 1999)); *see also*, *Matthews v. Wozencraft*, 15 F.3d 432, 437 (5th Cir. 1994). Plaintiffs' summary judgment evidence[1] reflects that:

> (1) Defendant copied existing photographs of Plaintiffs for use in its advertisements to exploit the value of their beauty and sexuality for the purpose of luring in customers so that they could make sales to those customers;
>
> (2) The photographs are clearly identical to those taken of Plaintiffs for other clients or in other contexts (altered only insofar as they have been cropped and placed with other elements of Defendant's advertisements);[2] and
>
> (3) Defendant obtained some advantage by using Plaintiffs' likenesses to draw attention to its advertisements of its strip club and drink prices[3] without obtaining Plaintiffs' consent and without paying Plaintiffs any compensation.

*See generally*, D.E. 35-1 to 35-16; D.E. 59, pp. 38-39.

---

[1] The Court notes that Defendant objected to large portions of Plaintiffs' affidavits. The Magistrate Judge agreed that some portions were inadmissible. Rather than rule on a line-by-line basis, the Magistrate Judge credited only the admissible portions of the affidavits. D.E. 73, p. 7 n.2. Neither party objected to this manner of ruling on the evidence. This Court, likewise, credits only the admissible portions of the affidavits.

[2] D.E. 35-16, pp. 27-29, 38-41, 49-52, 62-66, 79-82, 92-95, 106-09, 118-20, 131-33, 146-48, 155-58.

[3] D.E. 35-12, pp. 13-14.

### 1. Identifiability (Second Element)

The Magistrate Judge—recommending that the motion failed on this claim—cited to caselaw describing the tort of misappropriation as a claim developed to protect celebrities. D.E. 73, p. 17 (citing *Henley*). He recommends denial of the motion because "there is a fact issue as to whether certain Plaintiffs are even ***recognizable enough by the public*** to make Defendant liable for using their images for the 'value' associated with their likeness." D.E. 73, p. 18 (emphasis added). Plaintiffs object to this reasoning because public recognition is not an essential element; it is whether Plaintiffs can be identified as the persons in the images. D.E. 74, pp. 6-8. *See generally, Guijarro v. Charles P. Johnson, Inc.*, No. 13-19-00268-CV, 2021 WL 1133614, at *3 (Tex. App.—Corpus Christi–Edinburg Mar. 25, 2021, pet. denied) (citing *Express One Int'l, Inc. v. Steinbeck*, 53 S.W.3d 895, 900 (Tex. App.—Dallas 2001, no pet.)).

While the *Henley* case involved a famous musician and the opinion discussed the need for a misappropriation claim to protect celebrities, it did not limit the claim to those who had already found widespread fame. The authorities it cited for the elements of the claim allow for no such limitation. The Restatement section on appropriation of name or likeness includes a comment that explains, "The interest protected by the rule stated in this Section is the interest of ***the individual*** in the exclusive use of his own identity, in so far as it is represented by his name or likeness, and in so far as the use may be of benefit to him or to others." Restatement (Second) of Torts § 652C (1977) (comment a; emphasis added).[4]

---

[4] *Henley* relied on the Restatement. 46 F. Supp. 2d at 590. The Fifth Circuit cited the Restatement section as representative of Texas law. *Matthews*, 15 F.3d at 437; *see also Elvis Presley Enters., Inc. v. Capece*, 950 F. Supp.

The *Elvis* case, which *Henley* also cited, makes the point more explicitly: "The right of publicity has been defined as the 'inherent right of **every human being** to control the commercial use of his or her identity' and prevent the exploitation of any aspect of their persona without permission." *Elvis Presley Enters., Inc.*, 950 F. Supp. at 801 (emphasis added; quoting J. Thomas McCarthy, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION, § 28.01[2][a] (3d ed. 1992), and citing J. McCarthy, *Melville B. Nimmer and the Right of Publicity: A Tribute*, 34 UCLA L. Rev. 1703, 1704 (1987)).

The M&R and Defendant are silent as to any authority to support the proposition that a misappropriation claim is available only if the plaintiff has achieved such celebrity that the "value" of her likeness is based on her "public" recognition. The Court agrees that the M&R's statement of the fact issue misconstrues the significance of the second element of the claim—referring to whether Plaintiffs are "recognizable," rather than being "identifiable." The two terms are not interchangeable.

Identification is "the proof of who someone is or what something is, often by means of official documents." IDENTIFICATION, Black's Law Dictionary (11th ed. 2019).[5] In contrast, to recognize is "to perceive to be something or someone previously known." RECOGNIZE, Merriam-Webster.com Dictionary.[6] The rubric, by referencing identification rather than recognition, requires proof that Plaintiffs are the persons in the images, not

---

783, 801 (S.D. Tex. 1996), *rev'd on other grounds*, 141 F.3d 188 (5th Cir. 1998) (reversing on issues relevant only to the Lanham Act claims).

[5] Identify is "To prove the identity of (a person or thing)." IDENTIFY, Black's Law Dictionary (11th ed. 2019).

[6] https://www.merriam-webster.com/dictionary/recognize (last accessed Dec. 27, 2023).

that anyone previously knew them. "Unlike trademark law, which requires a significant percentage of potential customers be likely to be confused, there should be no particular quantum of people who in fact identified plaintiff from defendant's use." *Henley*, 46 F. Supp. 2d at 595 n.7 (quoting J. Thomas McCarthy, 1 THE RIGHTS OF PUBLICITY & PRIVACY § 3.4[A] (1998)).

Defendant did not provide evidence that the images at issue are insufficient to identify them. Instead, its witness merely testified that he did not personally know who they were. Thus, Plaintiffs' uncontroverted evidence—which demonstrates that the pictures Defendant used are pictures of them—establishes as a matter of law the second element: that Plaintiffs can be identified from the publication.

### 2. Appropriation for Value (First Element)

While less obvious, the M&R's statement of the fact question also puts into play the value issue in the first element of the claim. The question of value under the misappropriation rubric operates only to separate uses that are intentional and for the purpose of exploiting Plaintiff's characteristics from those that are incidental or newsworthy. *See generally, Matthews,* 15 F.3d at 437. The value in this case is Plaintiffs' beauty and sexuality, expressed in images that Defendant appropriated for its advertising.

The images are prominent features of the advertisements. Plaintiffs' beauty and sexuality in this context are neither incidental nor newsworthy; and Defendant does not contend otherwise. Thus, Plaintiffs' evidence satisfies the first element of misappropriation as a matter of law: Defendant's appropriation of Plaintiffs' images for their value. While

each Plaintiff has submitted some evidence of her celebrity and fame, she need not be a household name to own the right to her own images and to protect the value of that right from commercial exploitation by others.

### 3. Benefit or Advantage (Third Element)

A different issue of value arguably addressed in the M&R's statement of the fact issue arises in the context of the third element of the claim: whether Defendant received some benefit or advantage. As Defendant's own witness testified, it used images for free when it might have paid $500 for them under an arm's length negotiation (considering his limited budget). D.E. 59, pp. 38-39. Consequently, the evidence shows that these are images of a value he could not otherwise afford or use—if Plaintiffs were to set their own price or refuse to allow it to use their images, as they testified in their affidavits. Defendant also recognized some benefit or advantage because it continually used the images in its advertising strategy to bring in customers and sell drinks. D.E. 35-12, p. 14.

While Defendant contests whether the strategy worked and the images brought in additional customers or fostered additional sales, there is no requirement that Defendant actually experience a threshold, quantifiable benefit from the misappropriation. "The 'benefit' element requires Plaintiff to prove that Defendant derived some commercial benefit from the use of plaintiff's name or likeness as opposed to deriving no commercial benefit due to the fact that the use was incidental." *Henley*, 46 F. Supp. 2d at 596. It is enough that "the benefit they received [was] being able to catch the eye of the consumer and make the ad more interesting." *Id.* at 597.

It is clear that Defendant perceived value in appropriating the images for its advertising. And it obtained the advantage of using images it could not afford. Thus, Plaintiffs have demonstrated as a matter of law that the third element is satisfied: Defendant received some benefit or advantage.

### 4. Damages

The motion addresses damages, but because of the M&R's conclusions regarding liability, it did not reach the issue of quantification of damages. Plaintiffs have not objected to the M&R on that basis and the Court declines to consider damages in the first instance sua sponte. Moreover, Defendant's evidence that it would pay only $500 for the images is some evidence to create a fact issue on damages.

### 5. Conclusion

The Court **SUSTAINS** the objection to requiring evidence of a quantum of "public" or "consumer" recognition as part of any element of the misappropriation rubric. The Court **GRANTS IN PART** the motion for summary judgment (D.E. 35) in favor of Plaintiffs on Defendant's liability for misappropriation. The motion is **DENIED IN PART** and the Court **RETAINS** the issue of misappropriation damages for trial.

### C. Negligence (including Respondeat Superior).

The M&R "recommends Plaintiffs' summary judgment motion be denied as to negligence because Plaintiffs have failed at this stage to submit sufficient argument, legal support and evidence of the duty owed by Defendant or its employees which is a threshold requirement for this claim." D.E. 73, p. 21. Plaintiffs object, claiming that Texas common

law recognizes "a general common law duty for everyone to exercise reasonable care to avoid foreseeable injury to others." D.E. 74, p. 8. More specifically, "Defendant owed a duty of care to each Plaintiff to ensure that its advertising and promotional materials and practices did not infringe on her privacy and publicity rights."[7]  *Id*.

The Court fails to discern a distinction between Plaintiffs' articulation of a general duty in negligence and the established common law misappropriation claim as applied to these facts. The Supreme Court of Texas has made it clear that its state law claims are not to be manipulated to avoid well-established claim requirements. "We are guided by the 'nature' and 'gravamen' of a claim, not how the claim is artfully pleaded or recast." *In re Breviloba, LLC*, 650 S.W.3d 508, 512 (Tex. 2022) (citing *B.C. v. Steak N Shake Operations, Inc.*, 512 S.W.3d 276, 283 (Tex. 2017) and *City of Watauga v. Gordon*, 434 S.W.3d 586, 593 (Tex. 2014)). For instance, "Claims of excessive force in the context of a lawful arrest arise out of a battery rather than negligence, whether the excessive force was intended or not." *City of Watauga*, 434 S.W.3d at 593; *see also, Lake Jackson Med. Spa, Ltd. v. Gaytan*, 640 S.W.3d 830, 838 (Tex. 2022) (refusing to allow a healthcare liability claim to be recast as negligence to avoid statutory requirements); *Cosgrove v. Cade*, 468 S.W.3d 32, 39 (Tex. 2015) (refusing to allow a common law reformation of

---

[7]  While Plaintiffs refer to deceptive advertising, they are not suing as consumers of that advertising and Texas enacted its Deceptive Trade Practices Act to govern such claims. *See* Tex. Bus. & Comm. Code § 17.08 *et seq*. Plaintiffs also argue that Restatement (Second) of Torts § 324A applies. D.E. 74, p. 10. But that claim is premised on Defendant undertaking to provide services necessary for the protection of Plaintiffs as third persons from physical harm, a scenario that is not supported on these facts.

deed action to be recast as a breach of contract action to incorporate the discovery rule to avoid the limitations bar).

Here, there is no difference between the conduct, injury, and damages at issue in Plaintiffs' misappropriation claims and those that are at issue in their negligence claims.[8] The issue is less that Plaintiffs have failed to describe a duty in negligence, but more that the stated common law duty is commensurate with the bases for common law liability for violation of the right to privacy-misappropriation. Because the nature and gravamen of Plaintiffs' negligence claim is aligned with the elements of a misappropriation claim, the Court does not accept the recasting of the claim as one for negligence. Plaintiffs' objection is **OVERRULED**.

Defendant did not address the issue of duty, but separately challenged whether there was any proof of the causation of damages related to the negligence claim. D.E. 75, pp. 18-19. This issue was not addressed in the M&R. To the extent the issue is raised as an objection, it is untimely. It is further **OVERRULED** as moot.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as the parties' objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation

---

[8] Because the parties have not briefed it, the Court renders no opinion on whether respondeat superior is necessary or sufficient to assess liability under the misappropriation claim.

to which objections were specifically directed, the Court **SUSTAINS** Plaintiffs' objection to the recommended ruling on liability for their invasion of privacy-misappropriation claim and **OVERRULES** all other objections and **ADOPTS AS MODIFIED** the findings and conclusions of the Magistrate Judge.

Accordingly, Plaintiffs' motion for summary judgment (D.E. 35) is **GRANTED IN PART** and the Court issues summary judgment in favor of Plaintiffs on liability only for invasion of privacy-misappropriation. The motion (D.E. 35) is otherwise **DENIED IN PART**.

**ORDERED** on December 27, 2023.

*Nelva Gonzales Ramos*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE